E-FILED
Monday, 10 December, 2018 03:38:01 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEVEN D. LISLE, JR., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-01395-SLD |
| ) | |
| SUSAN PRENTICE, et al., ) | |
|     Defendants. ) | |

**MERIT REVIEW ORDER**

    Plaintiff, Steven D. Lisle, Jr., who proceeds pro se and is currently incarcerated at Menard Correctional Center, filed a complaint [1] pursuant to 42 U.S.C. § 1983 and a motion seeking the Court's assistance in recruiting counsel [3] as provided by 28 U.S.C. § 1915(e)(1). In his complaint, Plaintiff claims that while he was housed at Pontiac Correctional Center ("Pontiac"), Defendants Susan Prentice, a correctional major; Evans, a correctional lieutenant; and Edward P. Barr, a correctional officer, violated his constitutional rights.

    Plaintiff's complaint is before the Court for merit review pursuant to 28 U.S.C. §1915A, which requires this Court to "screen" Plaintiff's filing, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    In Count I of his complaint, Plaintiff contends that a strip search of his person conducted by Defendants Prentice, Evans, and Barr violated the Eighth Amendment's ban on the infliction

1

of cruel and unusual punishment and the Fourth Amendment's prohibition against unreasonable searches and seizures. Specifically, Plaintiff alleged that on April 25, 2018, he arrived at a holding area in Pontiac's north cell house to await a scheduled legal visit. After arriving, Prentice, Evans, and Barr each ordered, in succession, Plaintiff to submit to a strip search. According to Plaintiff, he refused to comply with Defendants' orders, and thereafter, Defendants cautioned Plaintiff that his continued refusal would result in cancellation of his legal visit and initiation of disciplinary proceedings.

Plaintiff states in his complaint that Defendants Prentice, Evans, and Barr, wanted to conduct the strip search in the presence of other correctional officers and inmates. Plaintiff told Defendants that such a search would violate Illinois Department of Correction rules. Plaintiff later complied after Defendants continued their threats of disciplinary action. Thereafter, Plaintiff recounted how Barr, who conducted the strip search in the presence of other correctional officers and inmates, taunted and humiliated him by ordering him to stay bent over for several minutes while Barr made degrading and derogatory comments about Plaintiff's genitalia and anus.

"A prisoner states a claim under the Eighth Amendment when he plausibly alleges that the strip-search in question was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security in prisons." *King v. McCarthy*, 781 F.3d 889, 897 (7th Cir. 2015). Moreover, a strip search may be unconstitutional if it "gratuitously exposes[s] to other prisoners the nudity of each prisoner being searched…." *May v. Springborn*, 719 F.3d 631, 634 (7th Cir. 2013). However, a prisoner may not bring a strip search claim under the Fourth Amendment unless the search "somehow invaded his body." *United*

*States v. Shaw*, 824 F.3d 624, 629 (7th Cir. 2016); *see also King*, 781 F.3d at 900 ("Even in prison, case law indicates that the Fourth Amendment protects, to some degree, prisoners' bodily integrity against unreasonable intrusions *into* their bodies." (emphasis in original)).

The Court concludes that Plaintiff has alleged enough facts regarding whether the April 25, 2018, strip search violated Plaintiff's Eighth Amendment rights. Specifically, Plaintiff presents facts that Defendants Prentice, Evans, and Barr were motivated to conduct the strip search by a desire to harass or humiliate Plaintiff instead of for a legitimate penological justification. Plaintiff, however, fails to state a claim under the Fourth Amendment because he does not allege facts showing Defendants' unreasonable intruded into his body.

In Count II of his complaint, Plaintiff contends that Defendants Prentice and Evans retaliated against him for exercising his First Amendment rights. Specifically, Plaintiff alleges that Prentice and Evans participated in the alleged unconstitutional strip search described in Count I because Plaintiff filed a lawsuit in *Lisle v. Fike et al.*, No. 17-1335 (C.D. Ill.), in which Plaintiff named Prentice and Evans as defendants. Plaintiff also claims that on an unidentified date, Prentice retaliated against him by denying Plaintiff his prescribed psychotropic medication prior to Plaintiff's deposition in *Lisle, Jr. v. Butler, et al.*, No. 16-0422 (S.D. Ill.).

To state a retaliation claim, Plaintiff must allege: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in [the defendants'] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (internal quotation marks and citation omitted).

The Court's review of *Fike* shows that Plaintiff sued Defendants Prentice and Evans.

Thus, the Court concludes that Plaintiff has presented enough facts at this stage to state a retaliation claim against Prentice and Evans because Plaintiff filed a lawsuit against them. Plaintiff also states a separate retaliation claim against Prentice for denying Plaintiff his prescribed medication.

In summary, Plaintiff articulates the following two constitutional claims: (1) an Eighth Amendment claim against Defendants Prentice, Evans, and Barr regarding the method and manner they chose to conduct the April 2018 strip search and (2) retaliation claims against Prentice and Evans for retaliatory actions taken against Plaintiff for exercising his First Amendment rights.

Plaintiff has also filed a motion seeking the Court's assistance in recruiting counsel [3] as provided by 28 U.S.C. § 1915(e)(1). Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may in its discretion request counsel represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). In his motion seeking the Court's assistance, Plaintiff admits that he has not attempted to secure his own counsel. Accordingly, Plaintiff's motion seeking the Court's assistance in recruiting counsel is DENIED with leave to renew upon showing he has made reasonable efforts to .

**IT IS THEREFORE ORDERED:**

1) **Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff has alleged enough facts to proceed with the following two claims: (1) an Eighth Amendment claim against Defendants Prentice, Evans, and Barr regarding the method and manner they chose to conduct the April 2018 strip search and (2) a retaliation claim against Prentice and Evans for retaliatory actions taken against Plaintiff for exercising his First Amendment rights. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

2) **This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.**

3) **The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

4) **With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

5) **Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.**

6) **This District uses electronic filing, which means that, after Defendants' counsel**

has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7) **Defendants' counsel is hereby granted leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.**

8) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

9) **If a defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

10) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

11) **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

12) **Plaintiff's motion for counsel [3] is denied, with leave to renew upon demonstrating that he made attempts to retain counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several attorneys and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he possesses.**

ENTERED this 10th day of December, 2018.

\

            /s/Harold A. Baker

            _____
            HAROLD A. BAKER
            UNITED STATES DISTRICT JUDGE